## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**ROBERT RHODES,**
        **Petitioner,**

**v.**                                                    **Case No.  5:04cvc196/SPM/MD**

**JAMES R. MCDONOUGH,[1]**
        **Respondent.**

_____

### ORDER and
### REPORT AND RECOMMENDATION

**Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc.1).  Respondent has filed a response (doc. 10) to which petitioner has replied (doc. 16).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.**

---

[1]**James R. McDonough succeeded James Crosby as Secretary of the Florida Department of Corrections and is automatically substituted as respondent.  *See* Fed. R. Civ. P. 25(d)(1).**

## BACKGROUND AND PROCEDURAL HISTORY[2]

Petitioner was charged by information filed in state court with principal to armed robbery with a firearm.  A jury found him guilty.  Petitioner pleaded guilty to unrelated offenses of felony DUI and driving with a suspended license.  He was sentenced on the robbery and DUI charges to 151.25 months imprisonment, concurrent,  with credit for 281 days served, followed by 10 years probation.  He was sentenced to time served on the suspended license charge.

Before trial petitioner's counsel filed a motion to suppress.  The motion was based on a claim that after the robbery occurred a BOLO went out describing a black male in a black compact station wagon, but made no reference to a white male.  Counsel contended that because the BOLO did not mention a white male, there was no legal basis for stopping the petitioner, and that the evidence resulting from the stop was inadmissible.  Also before trial, the state filed a motion to consolidate the trials of petitioner and another, Mr. Jeffries, an alleged participant.  Both defense counsel requested separate juries if the motion to consolidate were granted.

The robbery occurred in the early morning hours outside a bar on Pensacola Beach.  As the victim left the bar and was going to his car someone behind him asked for directions.  He turned around and there was a black man holding a gun, who proceeded to rob him of his wallet.  The robber then got in the passenger side of a small dark colored station wagon type vehicle, which quickly left the scene.  At the suppression hearing the testimony was basically as follows:   An officer responding to the call saw a vehicle matching the description of the small black station wagon at a convenience store near the scene of the robbery, and saw a black male and a white male inside the store.  Although the officer could not tell what was happening inside the store, petitioner tried to purchase some cigarettes with the victim's credit card and identification, but the store did not take that brand of card.  In the meantime, more officers arrived in the parking lot and watched the scene.  The

---

[2]The facts stated herein are those presented at trial and viewed in the light most favorable to the prosecution.  Where there are conflicting inferences and disputes exist, this Court must presume that the jury resolved such conflicts in favor of the prosecution, and must defer to that resolution. *Martin v. State of Alabama*, 730 F.2d 721,724 (11th Cir. 1984).

black male, Mr. Jeffries, who matched the description given by the victim, walked out of the store and the officers arrested him.  Petitioner had meanwhile walked to the back of the store.  The clerk observed Mr. Jeffries' arrest, and walked to be back of the store and told petitioner about it.  Petitioner asked whether there was a back door out of the store, but was told there was not.  He then went into the bathroom. An officer entered the store and the clerk told him that the black male's buddy was in the bathroom.  When petitioner came out of the bathroom the officer asked him for some identification, and petitioner produced the victim's drivers license.  The victim was brought to the scene and confirmed that the drivers license was his.  In the meantime an officer entered the bathroom and found a wallet that the victim also identified as his.

There was some conflicting testimony from the officers as to how the petitioner was approached and whether they were aware that the clerk had identified petitioner as being in the store with the black male, but the court accepted the version set out above, and denied the motion to suppress (ex. E).[3]  The court also granted the motion to consolidate, but denied the motion for separate juries (*id.*).

The testimony at trial was essentially as outlined above, and both petitioner and Mr. Jeffries were found guilty.  Petitioner's direct appeal was unsuccessful, and he subsequently filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850, claiming the same ineffective assistance of counsel claim he raises here.  The trial court held an evidentiary hearing and denied relief (ex. O), and the order was affirmed on appeal.  Petitioner later filed a motion for belated appeal in the appellate court, but was rebuffed.  He now seeks federal habeas relief in this court. Respondent concedes that the petition is timely (doc. 10, p. 10).

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to

---

[3]Hereafter, all references to exhibits will be to those attached to doc. 10, unless otherwise noted.

the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19.  In relevant part, section 2254(d) now provides:

> **(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–**
>> **(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or**
>> **(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.**

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  The appropriate test was described by Justice O'Connor as follows:

> **In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.**

120 S.Ct. at 1523 (O'Connor, J., concurring).  Under the test just described a habeas

court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable.  More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id.*, 123 S.Ct. 1172.   The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521.  Whether

a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. *Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued. *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does

it take the final step of conducting an independent review of the merits of the petitioner's claims.  *Neelley*, 138 F.3d 917.  Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication  "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  The Supreme Court has clarified that:  "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding."  *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court).

## PETITIONER'S GROUNDS FOR RELIEF

### 1.   Denial of Due Process - refusal to grant separate juries.

For his first ground for relief petitioner asserts that the trial court erred in denying his motion for trial before a separate jury from his co-defendant, Mr. Jeffries, thereby violating his Fifth, Sixth, and Fourteenth Amendment rights. Respondent contends that petitioner is not entitled to relief because although he presented the facts supporting this claim in his direct appeal, he did not allege a federal constitutional violation.  Respondent is correct.

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C.

§ 2254(b)(1),[4] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, *supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In *Picard v. Connor*, *supra*, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.* at 278, 92 S.Ct. at 513, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the

---

[4]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

      (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"substance" of such a claim to a state court.  In *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  *Id.* 459 U.S. at 7, 103 S.Ct. at 278 (citing *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)).  The only manner in which the habeas petitioner had cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  *Anderson*, 459 U.S. at 7, 103 S.Ct. at 278 (internal quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  459 U.S. at 7 and n. 3, 103 S.Ct. at 278 and n. 3.

Years later, the Supreme Court readdressed the "fair presentation" requirement in *Duncan v. Henry*, *supra*.  The *Duncan* Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[5]  The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court."  *Duncan*, 115 S.Ct. at 888.  More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must

---

[5]The petitioner in *Duncan* raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004).  The *Baldwin* Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  *Id.*  This language, while not part of the Court's holding, provides an instructive and useful rule of thumb.  With regard to this statement, the Eleventh Circuit stated in *McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion.  However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"  *McNair* [*v. Campbell*], 315 F. Supp. 2d at 1184 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)).  This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

*Id.*, 416 F.3d at 1302-03 (citations omitted).[6]

The Eleventh Circuit, prior to *Duncan*, had broadly interpreted the "fair presentation" requirement.[7]  However, after *Duncan*, the Eleventh Circuit has taken

---

[6]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law."  *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005).  The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments.  *Id.*

[7]*See, e.g., Watson v. Dugger*, 945 F.2d 367 (11th Cir. 1991) (finding issue to be exhausted when petitioner argued in state court that trial court misapplied state law when it refused to give petitioner's requested jury instruction and thereby allowed the jury to convict without necessary showing of

a more restrictive approach.  For example, in *Zeigler v. Crosby*, the Circuit Court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the Federal Constitution.  345 F.3d 1300, 1307 (11th Cir. 2003).  The court specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Florida Constitution and Florida's Due Process Clause. *Id.* at 1308 n.5.  The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases.  The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review.  *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999).  This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th

---

criminal intent, and argued in federal court that this was a due process violation); *Mattox v. Dugger*, 839 F.2d 1523 (11th Cir. 1988) (holding that a federal habeas corpus petition should not be dismissed on grounds of procedural default when a petitioner has previously brought an issue before a state court alleging only state law violations, when such a claim is equally supported by federal law, and the state cites such federal law in support of its position); *Hutchins v. Wainwright*, 715 F.2d 512, 518-19 (11th Cir. 1983) (petitioner exhausted Sixth Amendment confrontation clause claim in state court by raising hearsay objections, even though petitioner never raised Sixth Amendment claim in state court).

Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*,

**513 U.S. at 327.  Further:**

> **a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.**

*Id.*

In his direct appeal petitioner argued that he should have been tried by a separate jury from Mr. Jeffries, but he cited only Florida procedural law in support of his position (ex. H, pp. 21-24).  He made no mention of the United States Constitution or federal rights, and cited no federal law.  He therefore did not present the issue to the state courts as a federal claim, and it is too late for him to return to state court to do so now.  Petitioner has not suggested adequate cause for his failure to present a federal claim, and although he claims innocence, he has failed to present the kind of independent evidence of innocence required by *Schlup, supra*.  This could should therefore not consider the claim.[8]

If the court were to consider the it, the claim would fail.  Petitioner says that he should have been tried by a separate jury, and that the antagonistic behavior of Mr. Jeffries' counsel during cross-examination of petitioner (who testified) denied

_____

[8]Respondent further argues that even if this Court finds that petitioner fairly presented his federal claim to the state courts, this Court should consider it procedurally defaulted because petitioner waived the claim at trial and, therefore, the state appellate court did not review the merits of the claim.  (Doc. 10, pp. 15-16).

The trial record shows that before jury selection both defense counsel asked for separate juries (ex. E, p. 83-84).  The court denied the motion because there was no indication that there was a *Bruton* problem, meaning that there had been no confessions, so there could be no hearsay testimony concerning a confession (ex. E, p. 85).  Petitioner's counsel told the jury in opening statement that Mr. Jeffries robbed the victim without petitioner's foreknowledge, and then got back in the car, pointed his gun at petitioner (who was in the passenger seat) and forced him to use the victim's credit card at the convenience store (ex. F, 44-50). Mr. Jeffries' counsel immediately renewed his motion, but petitioner's counsel opposed it, arguing that Mr. Jeffries' counsel would have the opportunity to cross-examine petitioner, if he testified, and that there was no "problem."  (Ex. F, pp. 51-52).  The court denied Mr. Jeffries' renewed motion (ex. F, p. 54).  Respondent appears to be correct that petitioner's counsel waived the right to separate juries when Mr. Jeffries' attorney renewed his motion and petitioner's counsel argued against it.  It would therefore seem logical that petitioner's attempt to raise the claim on direct appeal would be barred by state procedural rules.  However, because respondent has provided virtually no state law authority to support the latter proposition, and because it is not necessary for this court to determine the issue, the undersigned declines to decide it.

him a fair trial.

It is well settled that where co-defendant A confesses to a third party, such as a law enforcement officer, and implicates co-defendant B, the confession, recited by the third party, cannot be used in a joint trial because it violates co-defendant B's right to confront the witness against him. An instruction to the jury is not enough to cure the violation, and separate trials must be granted. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). It is equally well settled that the right to separate trials does not extend to co-defendants merely because their defenses are antagonistic. *Zafiro v. United States*, 506 U.S. 534, 540, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993) ("[D]efendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."). A motion for severance is reviewed for abuse of discretion. *Byrd v. Wainwright*, 428 F.2d 1017, 1018 (5th Cir. 1970). "In reviewing state court determinations on severance, we will not grant habeas relief unless the petitioner shows both that the trial judge abused his or her discretion in refusing to sever the trial, and, further, that the refusal resulted in a trial that was fundamentally unfair." *Mack v. Peters*, 80 F. 3d 230, 235 (7th Cir. 1996), *quoting Madyun v. Young*, 852 F.2d 1029, 1003- 34 (7th Cir. 1988). "[F]ederal habeas review of a state trial court's ruling on severance issues is limited to a determination of whether an abuse of discretion led to the deprivation of any rights secured by the Constitution." *Mack v. Peters, supra*. "To establish abuse of discretion, the defendant must show that the denial of his motion to sever resulted in clear, manifest or undue prejudice." *Chambers v. Kincheloe*, 47 F.3d 1175 (9th Cir. 1995) (Table) (text in Westlaw).

Petitioner's claim is meritless because he has not shown that he was prejudiced in any way. When petitioner testified at trial he told the jury that he was a construction worker who lived on Pensacola Beach; that he hurt his back, had surgery, and was taking a lot of medication; that he met Mr. Jeffries through a friend and hired him to be his driver so he could go into town to meet with his probation officer; that when they returned to the beach he was reclining in the passenger seat and heavily under the influence of his medication when Mr. Jeffries stopped the car and, without petitioner knowing what was happening, robbed the victim of what

turned out to be only $11.00; that Mr. Jeffries then forced petitioner, at gunpoint, to try to buy two cartons of cigarettes with the victim's credit card at a nearby convenience store, but the attempt was unsuccessful; and that he then went to the bathroom to try to dispose of the victim's wallet because he was afraid (ex. F, pp. 266-285). Mr. Jeffries did not testify, so petitioner's version of events was not directly contradicted by any witness. Both the prosecution and Mr. Jeffries subjected petitioner to cross-examination, both were pointed and confrontational given the gist of petitioner's testimony, but neither can fairly be described as antagonistic (ex. F, pp. 285-326, 329). There was nothing about either cross-examination that led to the deprivation of any constitutional rights. *Mack v. Peters, supra*. If anyone was prejudiced, which this court need not consider, it was Mr. Jeffries, since petitioner told the jury that Mr. Jeffries robbed the victim and then forced petitioner to try to use the victim's credit card. Petitioner is not entitled to federal habeas relief on this claim.

2. <u>Denial of Due Process - refusal to grant motion for judgment of acquittal.</u>

Petitioner next argues that he was denied due process when the court refused to grant his motion for judgment of acquittal. He argues that there was insufficient evidence to support a conviction, because the evidence against him was purely circumstantial and the state did not disprove every reasonable hypothesis of innocence. Respondent contends that this claim was not exhausted in the state court because it was not presented as a federal claim. Respondent is again correct. In his direct appeal petitioner raised this identical issue, but he cited only Florida law and made no claim that his federal constitutional rights had been abridged (ex. H, pp. 25-30). As with the first claim, petitioner did not present the issue to the state courts as a federal claim, and it is too late for him to do so now. He has not suggested an adequate legal cause for his failure to present a federal claim, and although he claims innocense, he has failed to present the kind of independent evidence of innocence required by *Schlup, supra*. This could should therefore not consider the claim. If the court were to consider it, the claim would fail.

As an issue of federal law, petitioner's insufficient evidence claim derives from the Fourteenth Amendment due process requirement that the evidence presented

at trial be sufficient to convict, *i.e.* the State must prove beyond a reasonable doubt every fact that constitutes an essential element of the crime charged against the defendant. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). When reviewing a claim of insufficient evidence in federal habeas corpus, the proper inquiry is not whether the reviewing court itself believes that the evidence established guilt beyond a reasonable doubt but "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (citation omitted); *see also Bishop v. Kelso*, 914 F.2d 1468, 1470 (11th Cir. 1990).

Because jurors are free to evaluate the credibility of testimony and the weight of the evidence, the court should assume that all conflicting inferences were resolved against the defendant. *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987); *Martin v. State of Alabama*, 730 F.2d 721, 724 (11th Cir. 1984) (holding that where there are conflicting inferences and disputes exist, this court must presume that the jury resolved such conflicts in favor of the prosecution, and must defer to that resolution). Moreover, the evidence need not rule out every theory except that which signifies guilt beyond a reasonable doubt; "[t]he simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief." *Wilcox*, 813 F.2d at 1143; *accord, Carter v. Montgomery*, 769 F.2d 1537, 1542 (11th Cir. 1985) (it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt.).

The evidence against petitioner was not entirely circumstantial. Although there were differing versions of some of the events surrounding the robbery, the state presented direct evidence that: the black male who robbed the victim got in the passenger side of the vehicle (ex. F, pp. 61-66);[9] petitioner and Mr. Jeffries entered

---

[9]Petitioner contends that the victim testified that Mr. Jeffries was the driver of the car. He derives this from the victim's uncertainty as to whether there was another individual in the car. While this arguably conflicts with the victim's testimony that Mr. Jeffries got in on the passenger side, that was a matter for the jury to decide. Moreover, the fact that the victim did not "see" another person in the car did not prove the absence of one. Thus, petitioner's claim that he has "proven" that Mr.

the convenience store together (ex. F, p. 130); petitioner had the victim's wallet and drivers licence within minutes of the robbery (ex. F, pp. 74, 76, 132, 143, 172, 175); upon learning that Mr. Jeffries had been arrested, petitioner asked the store clerk if there was a back exit from the store, petitioner then disposed of the victim's wallet in the bathroom, and presented the victim's drivers licence to the police (ex. F, pp. 137-140, 155-56).  Petitioner testified without contradiction that he was an unwilling participant in the entire episode, but the jury was not required to believe him, particularly in light of the totality of the evidence, both direct and circumstantial. This court cannot say that *no* rational trier of fact would have found petitioner guilty given this proof.  *Jackson, supra.*  Petitioner is not entitled to federal habeas relief on this claim.

    3.   <u>Denial of Due Process - failure to give jury instructions.</u>

    Petitioner's last claim of court error is based on his contention that the court should have given an instruction based on his defense of coercion and duress.  As with the first two claims, petitioner presented a claim concerning the jury instructions to the state courts, but did not raise the issue as a federal claim (ex. H, pp. 32-34).  It is too late for him to do so now.  Petitioner has not suggested adequate cause for his failure to present a federal claim, and although he claims innocence, he has failed to present the kind of independent evidence of innocence required by *Schlup, supra.*  This could should therefore not consider the claim.

    If the court were to consider it, the claim would fail because it involves purely a matter of state law.  Federal habeas relief is available to correct only constitutional injury.  28 U. S. C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to

_____

Jeffries was the driver (doc. 16, pp. 3, 5) is incorrect.

the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992) (quoting *Carrizales, supra*). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair." *Tejada v. Dugger*, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle*, 502 U.S. at 352, 110 S.Ct. 668. The instant case is not one in which there were such critical errors, if indeed there were any errors, that a constitutional violation is apparent. The trial court refused a duress defense instruction because petitioner himself testified that the duress did not occur until *after the robbery.* Therefore, under state law, a duress defense to the robbery would have been inappropriate. Petitioner is not entitled to federal habeas relief on this claim.

4.   Ineffective Assistance of Counsel - failure to raise voluntary intoxication defense.

For his last claim petitioner contends that his attorney was ineffective in failing to investigate and present a voluntary intoxication defense.

A.   Clearly Established Federal Law.

In order to prevail upon a claim of ineffective assistance of counsel, the petitioner must prove that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"The purpose of ineffectiveness review is not to grade counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Strickland*). In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Chandler* at 1314. "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). In evaluating the reasonableness of counsel's actions, a court must make "every effort . . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As the Eleventh Circuit has emphasized:

> We must avoid second-guessing counsel's performance: "[I]t does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance." *Waters* [*v. Thomas*, 46 F.3d 1506], 1522 (en banc). Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.

*Chandler* at 1314 (footnote omitted). Moreover, an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. *Chandler* at 1314 n.15.

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than simply that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." 466 U.S. at 693, 104 S.Ct. at 2067. Instead, the petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. at 2068. Without support in the record, bare

allegations that the petitioner was prejudiced by counsel's performance are not sufficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).  In applying *Strickland* the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).

B.       Federal Review of State Court Decision.

Respondent concedes that this claim was properly presented and exhausted in the state court (doc. 10, p. 36).  Petitioner presented the claim in his motion for post-conviction relief under Fla.R.Crim.P. 3.850, and the trial court held an evidentiary hearing.  There, petitioner testified that his attorney told him that the defense of voluntary intoxication was no longer available (which would have been legally incorrect), regardless of how much alcohol or how many drugs were in his system.  Defense counsel testified to the contrary: that he knew that voluntary intoxication was a defense, but that it would have been a terrible defense in this case.  He reasoned that the investigating officers and the store clerk gave no support to the claim that petitioner was intoxicated.  Moreover, counsel knew that in order for petitioner to raise the defense, he would have to admit that he participated in the robbery, which was totally inconsistent with the duress defense. The court accepted counsel's testimony as the more credible, and found that there had been no deficient performance on counsel's part (ex. O).  Clearly the decision not to use the defense petitioner now advances was a strategic one, and the wisdom of that strategy is not subject to second-guessing here.  Whether the defense may have been the best available is not controlling; the issue is only whether the use of a voluntary intoxication defense was constitutionally compelled. *Chandler*, 218 F.3d at 1313.  It was not.  Therefore, the state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law," 20 U.S.C. § 2245(d) (1); *Williams, supra*.  Petitioner is not entitled to federal habeas relief, and the writ should not issue.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that James R. McDonough has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

That the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Robert Earl Rhodes* in the Circuit Court of Bay County, Florida, case no. 98-1257C, be DENIED, that this cause be DISMISSED, and that the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of September, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).).